hKOSTELKA, J.,
dissenting.
While the outcome for a particular claimant may be harsh, I must respectfully dissent.
The provisions of La. R.S. 23:1225(0(1) essentially provide that in the absence of a contrary agreement between the employer and the employee, workers’ compensation benefits shall be reduced so that the aggregate of the following types of remuneration shall not exceed sixty-six and two-thirds per cent of the worker’s average weekly wage: (a) benefits under the Louisiana Workers’ Compensation Law; (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee; (c) benefits under disability benefit plans in the proportion funded by an employer; and (d) any other workers’ compensation benefits. (Emphasis added.)
Such wage-loss benefit coordination laws are designed to preclude an employee from simultaneously collecting duplicative benefits under different parts of the overall system of employer-based wage-loss protection. Garrett v. Seventh Ward General Hospital, 95-0017 (La.09/22/95), 660 So.2d 841. As the court in Garrett at 845, 847 said:
Section 1225(C)(1) thus provides Louisiana employers with an offset against their workers’ compensation obligation of benefits provided by different employer-based sources and establishes a sort of state ceiling of benefits to which an employee is entitled.
Section 1225(C)(1) coordinates Louisiana workers’ compensation benefits with other employer-based benefits, including Social Security benefits, and imposes a *78 separate state ceiling of sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury. [Emphasis added.]
As a final note, La. R.S. 23:1225(0(4) provides that the reduction provisions of La. R.S. 23:1225 control in the case of a conflict between those provisions and any other Louisiana law or contract of insurance.